```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RICHARD SAVAGE,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           15-CV-5774 (JS)

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Christopher James Bowes, Esq.
                   Office of Christopher James Bowes
                   54 Cobblestone Drive
                   Shoreham, New York 11786

For Defendant:     Candace Scott Appleton, Esq.
                   United States Attorney's Office
                   Eastern District of New York
                   271 Cadman Plaza East
                   Brooklyn, New York 11201
```

SEYBERT, District Judge:

Christopher James Bowes ("Mr. Bowes"), counsel to plaintiff Richard Savage ("Plaintiff"), moves pursuant to 42 U.S.C. § 406(b) ("Section 406(b)") for an award of attorney's fees in the amount of $38,000, less a setoff of $6,521 for the amount previously received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for a net award of $31,479.  (Mot., D.E. 27; Bowes Decl., D.E. 28; Bowes Br., D.E. 29.)  The Commissioner opposes the motion and argues that such an award constitutes a "windfall."  (See generally Comm'r Opp., D.E. 30.)  For the reasons set forth below, the motion is GRANTED in the amount of $26,600.

PROCEDURAL HISTORY AND BACKGROUND

On October 6, 2015, Plaintiff commenced this action seeking reversal of the Social Security Administration ("SSA") decision denying Plaintiff's disability insurance benefits application. (See Compl., D.E. 1.) On February 28, 2017, then-District Judge Joseph F. Bianco[1] denied the parties' cross-motions for judgment on the pleadings and remanded this matter for further administrative proceedings. (Feb. 28, 2017 Order, D.E. 23.) On June 1, 2017, Judge Bianco So-Ordered the parties' stipulation awarding Plaintiff $6,521 in fees under EAJA and $400 in costs. (June 1, 2017 Order, D.E 26.) The parties represent that Plaintiff was awarded disability insurance benefits on remand. (See Bowes Decl. ¶ 18; Comm'r Opp. at 2.) By Notice of Award, dated August 5, 2019, the SSA informed Plaintiff that it withheld $62,596.25 in attorney's fees, representing 25 percent of Plaintiff's past-due benefits. (Notice of Award, Bowes Decl., Ex. C, D.E. 28, at ECF pp. 17-25, at 19-20.)

In connection with this action, Plaintiff signed a retainer agreement with his counsel, Mr. Bowes (the "Retainer Agreement"). (See Retainer, Bowes Decl., Ex. A, D.E. 28, at ECF p. 11.) The Retainer Agreement provides, among other things, that Plaintiff "agree[s] to pay [Mr. Bowes] a sum equivalent to one-

---

[1] This matter was reassigned to the undersigned on September 19, 2019.

2

quarter (i.e., 25%) of all past due benefits at the time of the award as compensation for legal services." (See Retainer.)

Mr. Bowes now seeks approval of $38,000 in attorney's fees, less the $6,521 EAJA setoff, as compensation for 38 hours of work he completed before this Court on Plaintiff's behalf. (See Bowes Decl. ¶¶ 26-28; Bowes Br., D.E. 29, at 2.) According to Mr. Bowes's records, he spent his time on the following tasks: (1) reviewing various files and the administrative record; (2) discussing the matter with Plaintiff; (3) drafting and filing the complaint; (4) drafting the facts and procedural history; (5) outlining and drafting legal arguments; (6) editing and preparing a draft brief for filing; (7) reviewing the Commissioner's brief and preparing a reply brief; (8) reviewing and discussing the Court's February 28, 2017 Order with Plaintiff; and (9) drafting a fee motion. (Time Sheet, Bowe Decl., Ex. B., D.E. 28, at ECF p. 13.) The time sheet reflects that Mr. Bowes charged an hourly rate of $195.61 that increased to $197.72 and $200.85 throughout the course of his representation, averaging $198.06 as an hourly rate.[2] (See Time Sheet.) Under these hourly rates, Mr. Bowes billed $7,506.87 in fees, exclusive of filing fees and costs. (See Time Sheet.)

---

[2] Mr. Bowes charges an hourly rate of $450 per hour in non-contingency cases. (See Bowes Decl. ¶ 32.)

3

Mr. Bowes argues that his claim of $38,000 is appropriate because it is less than 25 percent of past-due benefits to which he is entitled under the Retainer Agreement with Plaintiff. (Bowes Decl. ¶¶ 24-27.) The Commissioner opposes the fee application and argues that an award of $38,000 constitutes a "windfall." (Comm'r Opp. at 2-3.)

## DISCUSSION

Under Section 406(b)(1)(A), a district court may award an attorney who successfully represents a claimant a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." Where, as here, there is a contingency fee arrangement, "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). In determining whether a fee is unreasonable, the Court should consider: "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." Kazanjian v. Astrue, No. 09-CV-3678, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing Wells, 907 F.2d at 372).

4

The proposed fee of $38,000 is within the 25 percent statutory cap (See Notice of Award) and there are no allegations of fraud or overreaching with respect to the retainer agreement. Thus, the only question is whether the proposed fee of $38,000 for 38 hours of work would result in a windfall to Plaintiff's counsel. Courts have "identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall: (1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorney is demonstrated through non-boilerplate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." Morris v. Saul, No. 17-CV-0259, 2019 WL 2619334, at *2 (E.D.N.Y. June 26, 2019).

There is no doubt that an award of $38,000 for 38 hours of work "greatly exceed[s] [Plaintiff's counsel's] standard rate." Morris, 2019 WL 2619334, at *3. Moreover, $38,000 for 38 hours of work results in a de facto hourly rate of $1,000 per hour. While Plaintiff's counsel is correct that courts have approved fee awards in the social security context that exceed a de facto $500 hourly rate (Bowes Decl. ¶¶ 28-29[3]), "this Court must exercise its own

---

[3] The Bowes Declaration contains two paragraphs numbered "28." This citation incorporates both "28" paragraphs.

discretion to determine 'whether the requested amount is so large as to be a windfall to the attorney.'" Morris, 2019 WL 2619334, at *3, n.4 (quoting Wells, 907 F.2d at 372).

The Court finds that the request for $38,000 would constitute an unreasonable amount of fees to Plaintiff's counsel. Instead, the Court finds that an award of $26,600 for 38 hours of work is reasonable. While the amount seems significant, the fee translates into an hourly rate of $700, compensates Mr. Bowes above the market rate, and is "comparable to other awards that [Mr. Bowes] has received under § 406(b) in this Circuit." Almodovar v. Saul, No. 16-CV-7419, 2019 WL 7602176, at *3 (S.D.N.Y. Oct. 4, 2019), R&R adopted, 2019 WL 6207784 (S.D.N.Y. Nov. 21, 2019) (collecting cases where courts in this Circuit approved Mr. Bowes's fee application as reasonable); See Gonzalez v. Comm'r of Soc. Sec., No. 10-CV-2941, 2019 WL 1507843, at *2 (E.D.N.Y. Apr. 5, 2019). Indeed, this amount adequately compensates Mr. Bowes "for the time that he spent on the case, the risks that he accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result he obtained for his client." Gonzalez, 2019 WL 1507843, at *2 (E.D.N.Y. Apr. 5, 2019); Warren v. Astrue, No. 06-CV-2933, 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000 is a substantial sum for 38 hours of work, [i.e., an effective hourly rate of $657,] it does not constitute a windfall when balanced against the excellent

result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."). Further, $26,600 "satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals." Gonzalez, 2019 WL 1507843, at *2.

Finally, "if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee." Morris, 2019 WL 2619334, at *2. Plaintiff's counsel recovered $6,521 in attorney's fees under the EAJA and must return that amount to Plaintiff from the payment awarded under Section 406(b).

## CONCLUSION

Accordingly, Plaintiff's counsel's motion for attorney's fees under Section 406(b) is GRANTED and Mr. Bowes is awarded $26,600 in attorney's fees. Upon receipt of this award, Mr. Bowes shall promptly refund Plaintiff $6,521, representing the EAJA fees already received by counsel. The case remains CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June  29 , 2020
Central Islip, New York

7